MONROIG, APPELLANT, *v.* THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Juan, Section 2.

No. 145.—Decided June 24, 1913.

SERVITUDE—REAL SERVITUDE.—A right of way granted in favor of a central so that it may build a railroad over which to haul sugar-cane thereto constitutes a real and not a personal servitude.

ID.—DESCRIPTION OF TENEMENTS.—Under article 13 of the Mortgage Law a description of the dominant as well as of the servient tenement must be given in order that a deed creating a real servitude may be recorded.

ID.—RECORD OF TITLE—SUPPLEMENTAL INSTRUMENT—CORRECTION OF DEFECTS.— When the registrar refuses to admit a deed to record and said deed is presented subsequently accompanied by a supplemental instrument intended to cure the defects found by the registrar in the original deed, the registrar may base his second refusal to admit the deed to record on defects appearing in the supplemental instrument if said instrument fails to correct the defects which first prevented the deed from being recorded.

ID.—RECORD OF TITLE—SEGREGATIONS FROM SERVIENT TENEMENT.—A registrar of property commits no error in refusing to record a deed establishing a predial servitude when it appears from the registry that since the date of said deed segregations had been made from the servient tenement, which segregations

were recorded in the names of various persons, and it is not possible to determine whether the servitude affects said segregations.

ID.—SUPPLEMENTAL INSTRUMENT—INTERVENTION OF WIFE.—The intervention of the wife of a party to a deed establishing a real servitude in favor of a central is not necessary in the execution of another instrument for the sole purpose of describing the dominant tenement.

ID.—SUPPLEMENTAL INSTRUMENT—DESCRIPTION OF DOMINANT ESTATE—INTERVENTION OF OWNERS OF SERVIENT ESTATE.—The owners of a servient estate are necessary parties in the execution of a supplemental instrument made for the purpose of describing the dominant tenement in order to express their acquiescence in the correctness of the description, particularly so when the dominant tenement has undergone changes since the servitude was first established.

ID.—OBLIGATION OF DOMINANT ESTATE—NECESSARY PARTIES.—When obligations are contracted by the dominant tenement in the establishment of a real servitude all the owners of said dominant tenement should join in the deed in order to express their consent.

The facts are stated in the opinion.

*Mr. Frank Antonsanti* for appellant.

Mr. José A. Benedicto, registrar, filed a brief in his own behalf.

MR. JUSTICE ALDREY delivered the opinion of the court.

On August 19, 1911, the spouses Parker granted a perpetual servitude of right of way for a railroad on their estate known as Río Hondo, situated in Bayamón, in favor of Antonio Monroig Obrador, married to Consuelo Falbe, his heirs, successors, representatives and assigns, the said Monroig in the use thereof to have the right to lay a railroad track on a strip of land of said property five meters wide, which strip of land is described as follows:

"* * *  starting from the old road at a point where it crosses the highway to Comerío in a southerly direction for a distance of 300 feet; thence a distance of not less than 100 feet from a swamp in a southwest direction to the banks of the Hondo River; thence in a westerly direction following the course of the river to a swamp, crossing both in a southerly direction and continuing to the boundaries of the property of Luis Medina."

The servitude was granted for a consideration of $100 paid by Monroig on the condition that he should indemnify

the spouses Parker for the damages which their sugar cane might suffer by reason of the hauling and carrying of materials for constructing the track; that in the event of the future construction of an electric or trolley line crossing the property parallel with the Comerío road, Monroig will consent that the same may cross the railroad track laid on the strip of land on which the servitude is established; that Monroig will use said railway for hauling to Central Juanita, of Bayamón, the sugar cane from his own property or from the properties of persons who supply sugar cane to his mill (*colonos*) as well as the supplies necessary for the maintenance of the road; and, finally, that if Monroig or his heirs, successors, representatives or assigns, should fail to make use of the servitude for that purpose, the same shall become null and void and the land shall revert to Parker or his successors in interest. The foregoing document was presented in the registry of property to be entered of record and its admission was refused on September 28, 1911, on the ground that it involves a predial servitude and the dominant tenement is not determined or described.

Subsequently, on December 17, 1912, Antonio Monroig Obrador executed an instrument before a notary in which, after referring to the one previously made, he stated that by an involuntary omission the description of the dominant tenement was not included in the aforesaid document and then proceeded to rectify the omission by describing, as such the Central Juanita plantation. Upon again presenting in the registry the original document and the supplementary instrument, the registrar refused to record the same for the reasons stated in the following decision indorsed thereon:

"The foregoing document accompanied by the supplementary instrument No. 75, dated December 17, 1912, in which the Central Juanita is described as the dominant tenement, is refused admission to record on account of the following incurable defects: First, because since the date of the deed establishing the servitude several parcels of land of the Río Hondo property have been segregated therefrom and

recorded in favor of different persons, and it cannot be determined whether the strip of land containing the servitude is within the re- mainder of the property belonging to Cornelio B. Parker or within the segregated parcels belonging to and recorded in the names of the other persons; second, because Consuelo Falbe, wife of Antonio Monroig, in whose favor the servitude was established, took no part in the execution of the supplementary instrument; third, because the spouses Parker took no part in the execution of the supplementary instrument describing the dominant tenement and their intervention is necessary, particularly so because on the date on which the servitude was estab- lished the Central Juanita, as described in said instrument, did not exist, it having been organized by a deed of October 16, 1911; and fourth, because as the creation of the servitude imposes obligations upon the Central Juanita corporation, it should have been repre- sented. A cautionary notice has been entered to be effective for the legal periods on folios 231 and 144, over, volumes 30 and 41 of Baya- món, estates 217, sextupled, and 2001, record letters C. and A. San Juan, April 29, 1913.''

The present administrative appeal was duly taken from said decision by Antonio Monroig Obrador who prays that the same be reversed and that the registrar be ordered to record the title presented.

The first contention of the appellant in support of his appeal is that as the servitude was established in his favor for a certain money consideration, a description of the domi- nant tenement is not an indispensable requisite, and, there- fore, the instrument dated August 19, 1911, is recordable,. which is equivalent to saying that the servitude is not a pre- dial one but a personal one in favor of Antonio Monroig Obrador. This objection could have been raised when the registrar first refused to record the instrument, inasmuch as he based his refusal exclusively on the ground that the servitude in question was a predial one and that, therefore,. a description of the dominant tenement was necessary, but not now after said decision not only has been agreed to, but when the appellant himself has admitted the correctness of the registrar's decision by stating in the supplementary instru-

ment that he had forgotten to insert a description of the dominant tenement and then proceeded to describe it. Apart from all this, however, there is no doubt that the servitude in question is a predial one because the deed establishing the same states that the servitude shall be used for the purpose of carrying canes to the Central Juanita and the context of the document shows that the servitude was established in benefit of the said central, therefore it is a real and not a personal servitude.

This being the case, not only is it necessary to include a description of the servient estate, which was done, but also a description of the dominant estate, inasmuch as section 13 of the Mortgage Law provides that records of all servitudes shall be made on the pages reserved for the records of the two estates.

Without discussing the appellant's contention that the reasons for the refusal of the registrar are all based on defects said to exist in the supplementary instrument and not on the original deed, for a perusal of the decision does not show this to be a fact although such action would be proper if the document contained such defects as not to correct the deed, we will proceed to consider the four grounds on which the registrar denied the record, taking the two documents together.

When the documents were presented the second time for record the registry showed that several segregations had been made by the owners of the servient estate, the spouses Parker, and as article 20 of the Mortgage Law imposes upon the registrar the duty of refusing to record an encumbrance when the property is recorded in favor of a person other than the one authorizing the encumbrance, the registrar was justified in refusing to record the servitude in this case because on account of the manner in which the strip of land on which the servitude was created is described, it is impossible for the said official to determine whether the servitude is upon the portion left to the spouses Parker or affects also the portions

segregated, and the record should not be allowed at the risk of injuring the rights acquired by third parties. *Díaz* v. *The Registrar of Property,* 16 P. R. R., 261.

The second ground of the decision cannot be sustained. We do not agree with the registrar that the supplementary instrument embodies a transfer of the right of servitude from Antonio Monroig Obrador to the Central Juanita and that, therefore, his wife should appear and give her consent. Said instrument simply contains a description made by Monroig of the estate in whose favor the servitude was established and not a transfer of rights of servitude to the Central Juanita, because, being a predial servitude, it was established for the benefit of said estate and hence the intervention of the wife in the execution of a document whose only object is to describe the dominant tenement is not necessary.

The third ground of the decision conforms to law. The object of the supplementary document was to describe the dominant estate, therefore the owners of the servient tenement should express their acquiescence in the correctness of the description, more especially in the present case in view of the statement of the registrar to the effect that on the date of the creation of the servitude the Central Juanita did not exist as described in the supplementary instrument, and because the servitude, being an encumbrance imposed by the owner of one property in favor of that of another, the two parties should agree as to the description of the properties.

We are also in accord with the fourth and last ground of the decision because when the servitude was established in favor of the Central Juanita as the dominant tenement, said central contracted obligations to which its owners have not agreed, and this is an incurable defect.

For the foregoing reasons the decision appealed from should be affirmed in all except the second ground, which should be reversed.

*Affirmed in part.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Wolf dissented.